## SIMMONS v SIMMONS

Ohio Appeals, 8th Dist, Cuyahoga Co.
No 11015. Decided Jan 19, 1931.

Bernon, Mulligan, Keeley & LeFever, Cleveland, for plaintiff in error.

Nicola & Horn, Cleveland, for defendant in error.

with law. Otherwise, it would open the door wide to collusion and fraud in procuring divorces, a thing that the courts of Ohio have strictly guarded against so far as is within their power. While it must be admitted that a Sheriff has the power to specially deputize a person to make service of summons in any particular case, yet that deputization should plainly appear so that the party upon whom the service is made may know that it was properly made upon him. We think the authorities that have been cited in this case amply bear out this proposition.

We think, therefore, that the court erred in overruling the motion to quash this summons and for that reason the judgment of the Court of Common Pleas will be reversed and the cause remanded to the Common Pleas Court with instructions to said court to grant the motion to quash the service of summons and order a new summons issued. Such will be the order of the Court.

Levine and Weygandt, JJ, concur.

VICKERY, PJ.

We have examined the authorities cited in this case including the statutes, particularly **11285 GC**, and we think it was the duty of the Sheriff to have endorsed upon the summons that was served upon the defendant the authority of this man Corbus to serve the summons, so that the defendant would know that he was legally summoned into court.

So far as it appears in this record, from plaintiff in error's standpoint there was nothing to show that Corbus had any authority or power but might be a mere outsider that may have gotten possession of this summons and undertook to serve it. We think that, especially in divorce and alimony matters, the law should be strictly construed and that the defendant should be legally summoned into court. The proceedings are all adversary and the statute must be strictly construed and service obtained upon the defendant in accordance